**Betty J. HINER, personal representative of Vernon Hiner, deceased, Plaintiff,**

v.

**Lavina LONGSTAFF, and the City of Anacortes, Defendants.**

**No. C80–1238B.**

United States District Court,
W. D. Washington.

April 13, 1982.

Michael H. Hicks of Busick & Hicks, Vancouver, Wash., Jack C. Ofelt, Jr. of Bennett, Ofelt & Martin, P. C., Portland, Or., for plaintiff.

John Connell, Bellingham, Wash., for defendant, Lavina Longstaff.

William C. Smart of Keller, Rohrback, Waldo, Hiscock, Butterworth & Fardal, Seattle, Wash., Stephen Mansfield, City Atty., Anacortes, Wash., for defendant, City of Anacortes.

## ORDER DISMISSING THE CITY OF ANACORTES

BEEKS, Senior District Judge.

Plaintiff's husband, Vernon Hiner, was a member of the crew of the S/S CHESTNUT HILL. On March 1, 1980, Hiner returned from shore on the tug SEAWOLF II to his ship which was anchored in Puget Sound near Anacortes, Washington. While boarding the ship, he fell from the gangway and nearly drowned. Hiner was rescued

and placed on the tug whose crew began coronary pulmonary resuscitation (CPR). The tug returned Hiner to the dock where he was attended by the Anacortes' emergency paramedic rescue team. When the paramedics first reached Hiner, he was cold and lifeless notwithstanding the ongoing CPR. The paramedics administered first aid on the tug's deck for approximately fifteen minutes before transporting Hiner to the local hospital. Two weeks later, Hiner died.

Hiner's wife sued the tug's owner and the City of Anacortes. Plaintiff claims defendant Longstaff provided an unseaworthy tug which was negligent in rescuing the decedent. Plaintiff also claims Anacortes negligently provided treatment. Specifically, the paramedics are accused of improperly placing an endotracheal tube into the decedent's mouth, thereby contributing to his death.

Anacortes now moves for summary judgment of dismissal alleging a lack of admiralty jurisdiction and alternatively statutory immunity under Wash.Rev.Code § 18.-71.200–210 (1978).

Since *Executive Jet v. City of Cleveland*, 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972), locality alone has not been a sufficient predicate for establishing maritime jurisdiction. There must now be a significant maritime relationship between the claimed negligence and traditional maritime activities. *See Duncanson-Harrelson Co. v. Director, Office of Workers' Compensation Programs*, 644 F.2d 827, 830 (9th Cir. 1981). The emergency first aid which the paramedics rendered was only fortuitously and incidentally connected to the navigable waters and bears no relationship to traditional maritime activity. *See Executive Jet*, 409 U.S. at 273, 93 S.Ct. at 506. Accordingly, in the absence of admiralty jurisdiction, plaintiff's claims against the City of Anacortes are dismissed without prejudice.

IT IS SO ORDERED.